UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

    Plaintiff,

  v.

C. STURDEVANT,

    Defendant.

Case No. 20-cv-01898-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP Correctional Officer C. Sturdevant.[1] Plaintiff seeks monetary and punitive damages. He has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order. Dkt. 2.

Venue is proper because the events giving rise to Plaintiff's claim is alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] In Plaintiff's previously-filed action, Case No. 19-cv-03691-YGR (PR), he had raised a similar claim against Defendant Sturdevant, which was dismissed without prejudice to Plaintiff filing it in a separate civil rights action. *See* Dkt. 11 at 3 in Case No. 19-cv-03691-YGR (PR).

### B. Legal Claims

In his complaint, Plaintiff sues Defendant Sturdevant individually and in his official capacity. Dkt. 1 at 1.[2] Plaintiff alleges that Defendant Sturdevant discriminated and treated him differently because of his race. *Id.* at 5-6. Specifically, Plaintiff claims that on April 16, 2019 at approximately 5:00 p.m., he requested Defendant Sturdevant to release him to the education department so he could attend his college class. *Id.* at 5. Plaintiff claims that Defendant Sturdevant stated, "I don[']t let niggers go to school." *Id.* When Plaintiff asked Defendant Sturdevant what he said, Defendant Sturdevant replied, "You heard me now go back to your cell Nigger, that will teach you not to file [a] 602 [appeal] on Ford.[3]" *Id.* Then, on July 9, 2019 at approximately 11:30 a.m., Plaintiff asked Defendant Sturdevant, who was the control booth operator, to release him for his "11:30 law library ducat [i.e., permission slip] . . . ." *Id.* at 6. Defendant Sturdevant refused to release Plaintiff, and stated: "I'm not letting you out for law library now put that in your 602 [appeal]." *Id.* Fifteen minutes later, Defendant Sturdevant opened Plaintiff's cell and said, "The law library lady just called for you but I'm still not letting you out nigger now put that in your 602 [appeal]." *Id.* Plaintiff claims that he "missed his scheduled law library appointment as a result of [Defendant Sturdevant's] racist actions of refusing to allow [Plaintiff] to attend his appointment based on race and retaliatory reasons." *Id.* at 7.

First, as mentioned above, Plaintiff has sued Defendant Sturdevant individually and in his official capacity seeking monetary relief. Dkt. 1 at 1. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

[3] In Case No. 19-cv-03691-YGR (PR), Plaintiff alleged that he was "subjected to cruel and unusual punishment as a result of a campaign of harassment, mail tampering, conspiracy and retaliatory actions against him over a two-year ongoing period, at the hands of" various Defendants, including PBSP Correctional Officer M. Ford. *See* Dkt. 9 in Case No. 19-cv-03691-YGR (PR).

2

been no waiver here, Plaintiff's claim against Defendant Sturdevant in his official capacity for monetary damages is DISMISSED with prejudice.

Next, a plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent by a state actor. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant acted at least in part because of the plaintiff's membership in a protected class. *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).

Liberally construed, the complaint alleges an Equal Protection claim for damages against Defendant Sturdevant for discriminating against Plaintiff based on his aforementioned actions.

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim against Defendant Sturdevant in his official capacity for monetary damages is DISMISSED with prejudice.

2. Plaintiff states a cognizable Equal Protection claim against Defendant Sturdevant.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, (dkt. 1) and a copy of this Order to **Correctional Officer C. Sturdevant at PBSP.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

3

    a. No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

motion is filed.

          c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6.     All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.     Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: October 30, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

6