1

2

3                           UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6    ANDRE KENNETH STUCKEY,                    Case No. 20-cv-01898-YGR (PR)

            Plaintiff,
7                                              **ORDER REOPENING ACTION;
                                               LIFTING STAY; AND DIRECTING
8        v.                                    PLAINTIFF TO SHOW CAUSE WHY
                                               (1) HIS IFP STATUS SHOULD NOT BE
9    C. STURDEVANT,                            REVOKED AND (2) THIS ACTION
                                               SHOULD NOT BE DISMISSED
10           Defendant.                        PURSUANT TO 28 U.S.C. § 1915**

11   **I.    BACKGROUND**

12           Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed

13   a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant PBSP Correctional

14   Officer C. Sturdevant.

15           On October 30, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma*

16   *pauperis* ("IFP"). Dkt. 5. On the same date, the Court issued an Order of Service. Dkt. 6. The

17   following background is taken from the Court's October 30, 2020 Order, which states as follows:

18               In his complaint, Plaintiff sues Defendant Sturdevant individually and
                 in his official capacity. Dkt. 1 at 1.[1] Plaintiff alleges that Defendant
19               Sturdevant discriminated and treated him differently because of his
                 race. *Id.* at 5-6. Specifically, Plaintiff claims that on April 16, 2019
20               at approximately 5:00 p.m., he requested Defendant Sturdevant to
                 release him to the education department so he could attend his college
21               class. *Id.* at 5. Plaintiff claims that Defendant Sturdevant stated, "I
                 don[']t let niggers go to school." *Id.* When Plaintiff asked Defendant
22               Sturdevant what he said, Defendant Sturdevant replied, "You heard
                 me now go back to your cell Nigger, that will teach you not to file [a]
23               602 [appeal] on Ford.[2]" *Id.* Then, on July 9, 2019 at approximately

24
                 ─────────────────
25           [1] Page number citations refer to those assigned by the Court's electronic case management
         filing system and not those assigned by Plaintiff.
26
                 [2] In Case No. 19-cv-03691-YGR (PR), Plaintiff alleged that he was "subjected to cruel and
27       unusual punishment as a result of a campaign of harassment, mail tampering, conspiracy and
         retaliatory actions against him over a two-year ongoing period, at the hands of" various
28       Defendants, including PBSP Correctional Officer M. Ford. *See* Dkt. 9 in Case No. 19-cv-03691-
         YGR (PR).

*United States District Court*
*Northern District of California*

11:30 a.m., Plaintiff asked Defendant Sturdevant, who was the control booth operator, to release him for his "11:30 law library ducat [i.e., permission slip] . . . ." *Id.* at 6. Defendant Sturdevant refused to release Plaintiff, and stated: "I'm not letting you out for law library now put that in your 602 [appeal]." *Id.* Fifteen minutes later, Defendant Sturdevant opened Plaintiff's cell and said, "The law library lady just called for you but I'm still not letting you out nigger now put that in your 602 [appeal]." *Id.* Plaintiff claims that he "missed his scheduled law library appointment as a result of [Defendant Sturdevant's] racist actions of refusing to allow [Plaintiff] to attend his appointment based on race and retaliatory reasons." *Id.* at 7.

Dkt. 6 at 2 (footnotes in original). The Court dismissed with prejudice Plaintiff's claim against Defendant Sturdevant in his official capacity for monetary damages. *Id.* at 2-3. The Court found that, liberally construed, the complaint alleged an Equal Protection claim for damages against Defendant Sturdevant for discriminating against Plaintiff based on his aforementioned actions. *Id.* at 3. The Court then ordered service on Defendant Sturdevant. *Id.* at 3.

Defendant Sturdevant's waiver of service was filed on November 23, 2020. Dkt. 8.

In an Order dated December 11, 2020, the Court referred this action and Plaintiff's other pending matters to the Pro Se Prisoner Mediation Program and stayed these cases pending global settlement proceedings. Dkt. 10. The Order stated that, if necessary, the Court will issue a further briefing scheduling after the settlement proceedings.

On February 11, 2021, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement. Dkt. 14. Accordingly, the Court hereby LIFTS the stay in the instant action, and the Clerk of the Court shall REOPEN the case file.

The parties are presently before the Court on Defendant Sturdevant's motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g). Defendant Sturdevant further argues that "[s]hould the Court revoke [Plaintiff's] IFP status, and vacate its October 30, 2020 Order granting IFP (ECF No. 5), [Plaintiff] case still pursue his action if he is able to pay his filing fee," but if he fails to do so, "his case must be dismissed and further briefing will be unnecessary." Dkt. 13 at 5.

Having read and considered the papers submitted, and being fully informed, the Court directs Plaintiff to show cause why his IFP status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g)

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   DISCUSSION

### A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule."  The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals."  *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*").  Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes.  *See id.*  Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him.  *Id.*   A defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that

3

1    allows the district court to conclude that the prisoner plaintiff has suffered at least three prior

2    dismissals that count as strikes under section 1915(g).  *Id.* at 1120.  Once the defendants have met

3    this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count

4    as a strike, or why he is entitled to the imminent danger of serious physical injury exception.  *Id.*

5         A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as

6    a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at

7    the outset of the action.  *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming

8    district court's denial of IFP status and dismissing complaint without prejudice under section

9    1915(g)).

10        **B.    Plaintiff's Prior "Strikes"**

11        Defendant alleges that Plaintiff has filed, while incarcerated, one action in this district and

12   at least two other actions in the United States District Court for the Central District of California

13   that were dismissed on the basis that they were frivolous, malicious, or failed to state claim.  At

14   the time Plaintiff was granted leave to proceed IFP, the Court was unaware that Plaintiff had filed

15   some of these cases or the basis of the dismissals of any such cases in other districts, i.e., the

16   United States District Court for the Central District of California.

17        This Court GRANTS Defendants' request for judicial notice of the court documents

18   provided in support of the motion to revoke IFP.[3]  Dkt. 13-1.  Defendant argues that the following

19   dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Stuckey v. Grebinski*,

20   No. 2:12-cv-06875 (C.D. Cal.); (2) *Stuckey v. Grebinski*, No. 2:12-cv-08438 (C.D. Cal.); and

21   (3) *Stuckey v. Trump, et al.*, Case No. 19-cv-03688 (N.D. Cal.).  *See* Dkt. 13 at 2-3; Dkt. 13-1 at 4-

22   21 (Exs. A-C).

23        Only three prior dismissals need qualify under section 1915(g).  This Court must review at

24

25        [3] The district court "may take notice of proceedings in other courts, both within and
26   without the federal judicial system, if those proceedings have a direct relation to matters at issue."
     *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations
27   omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which
     plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of
28   her *pro se* status).

United States District Court
Northern District of California

1   least three dismissals to determine whether they qualify as strikes under section 1915(g).  *See*

2   *Andrews I*, 398 F.3d at 1121.  Here, the Court will review all three dismissals in the

3   aforementioned cases, which were all entered before the instant action was brought by Plaintiff on

4   March 18, 2020, in order to determine whether they may be counted as dismissals for purposes of

5   section 1915(g).  As further explained below, these dismissals all qualify as "strikes" under

6   section 1915(g).  *See id.*

7   **1.   Case Nos. 2:12-cv-06875 and 2:12-cv-08438 – First and Second Strikes**

8   On November 16, 2012, in *Stuckey v. Grebinski*, No. 2:12-cv-06875 (C.D. Cal.), the

9   magistrate judge recommended to deny Plaintiff's request to proceed IFP because his complaint

10  was "frivolous, malicious, and fail[ed] to state a claim for relief."  Dkt. 13-1 at 7 (Ex. A).  The

11  magistrate judge specifically stated that: "This denial may constitute a strike under the 'Three

12  Strikes' provision governing the filing of prisoner suits.  28 U.S.C. § 1915(g); *see O'Neal v. Price*,

13  531 F.3d 1146, 1153 (9th Cir. 2008)."  *Id*.  On November 21, 2012, the Central District adopted

14  the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed

15  IFP.  *Id.* at 6.

16  Meanwhile, on January 10, 2013, in *Stuckey v. Grebinski*, No. 2:12-cv-08438 (C.D. Cal.),

17  the magistrate judge recommended to deny Plaintiff's request to proceed IFP for the same reasons

18  as Case No. 2:12-cv-06875.  *Id.* at 12.  The magistrate judge also specifically stated that: "This

19  denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner

20  suits.  28 U.S.C. § 1915(g); *see O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)."  *Id*.  On

21  January 15, 2013, the Central District adopted the magistrate judge's findings and

22  recommendations and denied Plaintiff's request to proceed IFP.  *Id.* at 11.

23  The Ninth Circuit has held that a case is "dismissed" for the purposes of section 1915(g)

24  "when the court denies the prisoner's application to file the action without prepayment of the

25  filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and

26  thereupon terminates the complaint."  *See O'Neal*, 531 F.3d at 1152.  When a district court

27  disposes of an IFP complaint on such grounds, the complaint is "dismissed" for the purposes of

28  section 1915(g) "even if the district court styles such dismissal as denial of the prisoner's

1    application to file the action without prepayment of the full filing fee." *Id.* at 1153 (finding that

2    the district court necessarily reviewed the complaints and made an assessment on their merits in

3    making the determination whether the actions qualified for IFP status).  This was indeed the case

4    in both Case Nos. 2:12-cv-06875 and 2:12-cv-08438 wherein the district judges of the Central

5    District adopted the magistrate judges' findings and recommendations and denied Plaintiff's

6    requests to proceed IFP because the complaints were frivolous.  Dkt. 13-1 at 6, 11.  Therefore, the

7    aforementioned decisions in Case Nos. 2:12-cv-06875 and 2:12-cv-08438 constitute qualifying

8    strikes under section 1915(g).  *See Andrews I*, 398 F.3d at 1120.

9    ### 2.   Case No. 19-cv-03688 (N.D. Cal.) – Third Strike

10    In *Stuckey v. Trump, et al.*, No. 19-cv-03688 (N.D. Cal.), this Court dismissed this action

11    on January 29, 2020, upon finding that Plaintiff's claims were frivolous and that he failed to state

12    a claim upon which relief could be granted.  Dkt. 13-1 at 19-21.  Defendant again argues that the

13    Court's dismissal for failure to state a claim in Case No. 19-cv-03688 constitutes an additional

14    strike for the purposes of section 1915.  Dkt. 13 at 3.  The Court has confirmed that Case No. 19-

15    cv-03688 was in fact dismissed as being frivolous and for failure to state a claim upon which relief

16    may be granted.  Dkt. 14 at 2-4 in Case No. 19-cv-03688.  Plaintiff appealed the dismissal.  Dkt.

17    16 in Case No. 19-cv-03688.  The appeal was dismissed as "frivolous" by the Ninth Circuit in

18    Case No. 20-15372.  Dkt. 21 in Case No. 19-cv-03688.  Therefore, Defendant has met the burden

19    of establishing that Case No. 19-cv-03688 counts as a strike.  *See Andrews I*, 398 F.3d at 1120.

20    In sum, Plaintiff's three aforementioned dismissals constitute "strikes" under section

21    1915(g).  Thus, Plaintiff's IFP status must be revoked unless he can show that he is entitled to the

22    imminent danger of serious physical injury exception under section 1915(g).

23    ### C.   Imminent Danger Exception

24    A plaintiff barred from bringing an action IFP because he has three strikes may still

25    proceed without prepaying court fees if he can show he is "under imminent danger of serious

26    physical injury."  28 U.S.C. § 1915(g).  The availability of the exception turns on the "conditions a

27    prisoner faced at the time the complaint was filed, not at some earlier or later time."  *Andrews v.*

28    *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  As this is merely a "threshold

United States District Court
Northern District of California

1    procedural" question, the Ninth Circuit has indicated that district courts should not conduct an

2    overly detailed inquiry into whether a particular danger is serious enough under the serious

3    physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a

4    plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time

5    of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is

6    ongoing. *See id.* at 1056-57.

7          A district court should liberally construe the allegations in a complaint filed by a *pro se*

8    prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir.

9    2002) (liberally construing allegations in complaint for initial determination of whether prisoner is

10    under imminent danger of serious physical injury). It is sufficient if any part of the complaint

11    plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of

12    filing. *Andrews II*, 493 F.3d at 1053.

13          Here, the question is whether Plaintiff was in imminent danger on March 18, 2020, the

14    date he filed his complaint. The Court finds that Plaintiff's allegations fail to show that he was.

15    As mentioned above, Plaintiff alleged in his complaint that on April 16, 2019 and July 9, 2019

16    (approximately eleven months and eight months, respectively, prior to the filing date), Defendant

17    violated Plaintiff's equal protection right based on these two incidents of racial discrimination.

18    *See* Dkt. 1. The Court notes that Plaintiff's complaint does not allege that he faced an imminent

19    danger of serious physical injury at the time he filed his complaint. *See generally* Dkt. 1.

20    **III.    CONCLUSION**

21          For the reasons outlined above, the Court orders as follows:

22          1.    The Court LIFTS the stay in the instant action, and the Clerk shall REOPEN the

23    file.

24          2.    This Court GRANTS Defendants' request for judicial notice of the court

25    documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred

26    from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 13-1.

27          3.    In light of the three dismissals outlined above, and because Plaintiff does not

28    appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW

*United States District Court*
*Northern District of California*

7

CAUSE in writing no later than **twenty-eight (28) days** from the date of this Order why his IFP

status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C.

§ 1915(g).  If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In

any event, the Court will continue to review under section 1915(g) all future actions filed by

Plaintiff while he is incarcerated in which he seeks IFP status.

**Failure to file a timely response or failure to pay the full filing fee will result in the**

**dismissal of this action without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated:    March 1, 2021

_____

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

8